**COLUMBIA GAS TRANSMISSION CORPORATION, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

Nos. 85–1846, 85–1847, 86–1021, 86–1074, 86–1082, 86–1164 and 86–1187.

United States Court of Appeals, District of Columbia Circuit.

April 22, 1988.

Catherine C. Cook, Gen. Counsel, Jerome M. Feit, Sol., and John H. Conway, Atty., F.E.R.C. ("FERC"), Washington, D.C., were on respondent's petition for rehearing and suggestion for rehearing en banc and FERC's supplemental brief in response to court's February 23, 1988 order.

Raymond N. Shibley and Marlene L. Stein, Washington, D.C., were on the petition for rehearing and suggestion for rehearing en banc, for intervenors Panhandle Eastern Pipe Line Co. and Trunkline Gas Co. and intervenors' memorandum brief in response to court's order.

Thomas F. Ryan, Jr., Robert G. Hardy, and Michael J. Fremuth, Washington, D.C., for Transcontinental Gas Pipe Line Corp., and William Douglas Field, Jr., Owensboro, Ky., for Texas Gas Transmission Corp., were on the petition for rehearing and suggestion for rehearing en banc and the pipelines' joint supplemental brief in response to court's order.

Richard L. Gottlieb, Giles D.H. Snyder, and S.J. Small, Charleston, W.Va., were on the supplemental brief, for petitioner Columbia Gas Transmission Corp.

Charles F. Wheatley, Jr., Annapolis, Md., and Philip B. Malter, Washington, D.C., were on the brief in response to court's order for Municipal Defense Group.

Before BUCKLEY and WILLIAMS, Circuit Judges, and GESELL,* U.S. District Judge for the District of Columbia.

Opinion PER CURIAM.

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

## ON PETITIONS FOR REHEARING

PER CURIAM:

The Federal Energy Regulatory Commission ("FERC") and various intervenor pipelines have petitioned this court for a rehearing of *Columbia Gas Transmission Corp. v. FERC*, 831 F.2d 1135 (D.C.Cir. 1987). They assert that our decision notwithstanding, FERC has the implied authority under section 4(d) to waive the "filed rate" doctrine. 15 U.S.C. § 717c(d), *see generally City of Piqua, Ohio v. FERC*, 610 F.2d 950 (D.C.Cir.1979). Because the issue had not been argued on appeal, we directed the parties to submit supplemental briefs addressing the following question:

> Can the court properly consider and decide, at this time, the question of waiver of the "filed rate doctrine," the issue not having been explicitly raised and fully briefed by the parties previously?

Order of Feb. 23, 1988.

In its supplemental brief, FERC asserts that the section 4(d) waiver issue "crystallized" only after this court concluded that ratepayers had been provided with "inadequate notice to warrant lawful retroactive ratemaking." Supplemental Brief for Respondent at 6. Accordingly, the Commission urges that we exercise our authority to consider the issue on rehearing in light of the impact of our decision on the public interest, citing *Consumers Union v. FPC*, 510 F.2d 656, 661–62 (D.C.Cir.1974). Supplemental Brief for Respondent at 6–7.

In *Consumers Union*, we noted our authority to consider arguments on rehearing that were not raised in the briefs or oral argument. "Our willingness to [entertain new arguments] rests on a balancing of considerations of judicial orderliness and efficiency against the need for the greatest possible accuracy in judicial decisionmaking. The latter factor is of particular weight when the decision affects the broad public interest." *Id.* at 662.

In view of the magnitude of the costs at issue in this case, we are persuaded that we can best serve that interest by leaving our remand order in place and affirming that FERC is free to consider the waiver issue and determine whether it may issue new orders on grounds consistent with the principles enunciated in our earlier opinion in this case.

*So ordered.*